40. On December 18, 2003, the Individual Defendants caused the Company to issue a press release entitled "Wave Systems Notified of SEC Investigation." The press release stated in part:

> Wave Systems Corp. today reported that the Securities and Exchange Commission has commenced a formal investigation into certain matters relating to Wave. The SEC's investigative order, received by Wave on December 17, 2003, relates to certain public statements made by Wave during and around August 2003, as well as certain trading in Wave's securities during such time.

41. Between January 12, 2004 and January 14, 2004, defendant Sprague sold 307,500 Wave Systems shares at $1.70-$1.80 per share for proceeds of $528,875.

## REASONS THE STATEMENTS WERE IMPROPER

42. The true facts, which were known by each of the defendants, but concealed from the investing public during the Relevant Period, were as follows:

(a) That the Company's IBM announcement dated August 4, 2003 would result in no direct revenue to the Company;

(b) That the Company's Intel announcement dated July 31, 2003 was actually immaterial and would not generate any revenue to the Company over the following two quarters, if ever;

(c) That the so-called Intel contract did not require Intel to purchase even one piece of software; and

(d) That the number of TPM-enabled motherboards shipped over the course of 2003 and 2004 would be *de minimis*.

43. As a result of the Individual Defendants actions, Wave Systems' market capitalization has been damaged by over $183 million. At the same time that the Individual

18

Defendants were causing Wave Systems to suffer such devastation of its market capitalization, the Insider Selling Defendants fared much better by selling over $1.5 million of their personally held stock.

**DERIVATIVE AND DEMAND FUTILITY ALLEGATIONS**

44. Plaintiff brings this action derivatively in the right and for the benefit of Wave Systems to redress injuries suffered, and to be suffered, by Wave Systems as a direct result of the breaches of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets, and unjust enrichment, as well as the aiding and abetting thereof, by the Individual Defendants. Wave Systems is named as a nominal defendant solely in a derivative capacity. This is not a collusive action to confer jurisdiction on this Court that it would not otherwise have.

45. Plaintiff will adequately and fairly represent the interests of Wave Systems in enforcing and prosecuting its rights.

46. Plaintiff is and was an owner of the stock of Wave Systems during times relevant to the Individual Defendants' wrongful course of conduct alleged herein, and remains a shareholder of the Company.

47. The current Board of Directors of Wave Systems consists of the following five individuals: defendants Sprague, Bagalay, Bushnell, Gilder and McConnaughy. Plaintiff has not made any demand on the present Board of Directors of Wave Systems to institute this action because such a demand would be a futile, wasteful and useless act, particularly for the following reasons:

(a) As a result of their access to and review of internal corporate documents; conversations and connections with other corporate officers, employees and directors; and

19

attendance at management and Board meetings, each of the defendants knew the adverse non-public information regarding the improper accounting. While in possession of this material adverse non-public information regarding the Company, the following current members of the Wave Systems Board participated in the illegal insider selling:

       i)      During the Relevant Period, Sprague sold 457,500 shares of Wave Systems stock for proceeds of over $1 million. Because this defendant received a personal financial benefit from the challenged insider trading transactions, this defendant is interested and any demand upon him is futile;

    (b)    The Compensation Committee of the Board determines the compensation level of the Company's executive officers and administrates the Company's stock option plans. The Compensation Committee is comprised of defendants McConnaughy and Bagalay. As the members of the Compensation Committee singularly control the other defendants' awards, the remaining members of the Board will not institute this action against defendants McConnaughy and Bagalay. To do so would jeopardize each defendant's personal financial compensation. Thus, demand on defendants Sprague, Bushnell and Gilder is futile;

    (c)    The principal professional occupation of defendant Sprague is his employment with Wave Systems, pursuant to which he received and continues to receive substantial monetary compensations and other benefits. Specifically, for FY:02, Wave Systems paid defendant Sprague $411,500, in salary and bonus, and granted him 252,500 options to purchase Wave Systems stock, respectively. Accordingly, defendant Sprague lacks independence from defendants McConnaughy and Bagalay, defendants who are not disinterested/independent and who exert influence over defendant Sprague's compensation by virtue of their position as

20

members of the Compensation Committee. This lack of independence renders defendant Sprague incapable of impartially considering a demand to commence and vigorously prosecute this action;

(d) According to Wave Systems' Proxy Statement filed with the SEC, defendants McConnaughy, Bagalay and Bushnell were, during the Relevant Period, members of the Audit Committee. The Audit Committee is responsible for reviewing auditing procedures and the adequacy of the Company's internal control systems. Nonetheless, the Audit Committee recommended that the Board of Directors include the improper audited consolidated financial statements in their Quarterly Reports, as filed with the SEC. By such actions, defendants McConnaughy, Bagalay and Bushnell breached their duties by causing or allowing the improper financials described above. As a result of these defendants' breach of their duties, any demand upon them is futile;

(e) The entire Wave Systems Board of Directors and senior management participated in the wrongs complained of herein. Wave Systems' directors are not disinterested or independent due to the following: defendants Sprague, Bagalay, Bushnell, Gilder and McConnaughy served on the Wave Systems Board during the Relevant Period. Pursuant to their specific duties as Board members, each was charged with the management of the Company and to conduct its business affairs. Each of the above-referenced defendants breached the fiduciary duties that they owed to Wave Systems and its shareholders in that they failed to prevent and correct the improper financials. Thus, the Wave Systems Board cannot exercise independent objective judgment in deciding whether to bring this action or whether to vigorously prosecute this action because its members are interested personally in the outcome as it is their actions that

21

have subjected Wave Systems to millions of dollars in liability for possible violations of applicable securities laws;

(f) The Individual Defendants, because of their inter-related business, professional and personal relationships, have developed debilitating conflicts of interest that prevent the Board members of the Company from taking the necessary and proper action on behalf of the Company as requested herein;

(g) The defendant directors of Wave Systems, as more fully detailed herein, participated in, approved and/or permitted the wrongs alleged herein to have occurred and participated in efforts to conceal or disguise those wrongs from Wave Systems' stockholders or recklessly and/or negligently disregarded the wrongs complained of herein, and are therefore not disinterested parties;

(h) In order to bring this suit, all of the directors of Wave Systems would be forced to sue themselves and persons with whom they have extensive business and personal entanglements, which they will not do, thereby excusing demand;

(i) The acts complained of constitute violations of the fiduciary duties owed by Wave Systems' officers and directors and these acts are incapable of ratification;

(j) Each of the defendant directors of Wave Systems authorized and/or permitted the false statements disseminated directly to the public or made directly to securities analysts and which were made available and distributed to shareholders, authorized and/or permitted the issuance of various of the false and misleading statements and are principal beneficiaries of the wrongdoing alleged herein, and thus could not fairly and fully prosecute such a suit even if such suit was instituted by them;

(k) Any suit by the current directors of Wave Systems to remedy these wrongs would likely expose the Individual Defendants and Wave Systems to further violations of the securities laws that would result in civil actions being filed against one or more of the Individual Defendants, thus, they are hopelessly conflicted in making any supposedly independent determination whether to sue themselves;

(l) Wave Systems has been and will continue to be exposed to significant losses due to the wrongdoing complained of herein, yet the Individual Defendants and current Board have not filed any lawsuits against themselves or others who were responsible for that wrongful conduct to attempt to recover for Wave Systems any part of the damages Wave Systems suffered and will suffer thereby;

(m) If the current directors were to bring this derivative action against themselves, they would thereby expose their own misconduct, which underlies allegations against them contained in class action complaints for violations of securities law, which admissions would impair their defense of the class actions and greatly increase the probability of their personal liability in the class actions, in an amount likely to be in excess of any insurance coverage available to the Individual Defendants. In essence, they would be forced to take positions contrary to the defenses they will likely assert in the securities class actions. This they will not do. Thus, demand is futile; and

(n) If Wave Systems' current and past officers and directors are protected against personal liability for their acts of mismanagement, abuse of control and breach of fiduciary duty alleged in this Complaint by directors' and officers' liability insurance, they caused the Company to purchase that insurance for their protection with corporate funds, *i.e.*, monies belonging to the

23

stockholders of Wave Systems. However, due to certain changes in the language of directors' and officers' liability insurance policies in the past few years, the directors' and officers' liability insurance policies covering the defendants in this case contain provisions that eliminate coverage for any action brought directly by Wave Systems against these defendants, known as, *inter alia*, the "insured versus insured exclusion." As a result, if these directors were to sue themselves or certain of the officers of Wave Systems, there would be no directors' and officers' insurance protection and thus, this is a further reason why they will not bring such a suit. On the other hand, if the suit is brought derivatively, as this action is brought, such insurance coverage exists and will provide a basis for the Company to effectuate recovery. If there is no directors' and officers' liability insurance at all then the current directors will not cause Wave Systems to sue them, since they will face a large uninsured liability.

48. Moreover, despite the Individual Defendants having knowledge of the claims and causes of action raised by plaintiff, the current Board of Directors has failed and refused to seek to recover for Wave Systems for any of the wrongdoing alleged by plaintiff herein.

49. Plaintiff has not made any demand on shareholders of Wave Systems to institute this action since such demand would be a futile and useless act for the following reasons:

(a) Wave Systems is a publicly held company with approximately 63 million shares outstanding, and thousands of shareholders;

(b) Making demand on such a number of shareholders would be impossible for plaintiff who has no way of finding out the names, addresses or phone numbers of shareholders; and

24

(c)     Making demand on all shareholders would force plaintiff to incur huge expenses, assuming all shareholders could be individually identified.

### FIRST CAUSE OF ACTION
### Against the Insider Selling Defendants for Breach of Fiduciary Duties for Insider Selling and Misappropriation of Information

50.     Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

51.     At the time of the stock sales set forth herein, the Insider Selling Defendants knew the information described above, and sold Wave Systems common stock on the basis of such information.

52.     The information described above was proprietary non-public information concerning the Company's financial condition and future business prospects. It was a proprietary asset belonging to the Company, which the Insider Selling Defendants used for their own benefit when they sold Wave Systems common stock.

53.     At the time of their stock sales, the Insider Selling Defendants knew that the Company's revenues were materially overstated. The Insider Selling Defendants' sales of Wave Systems common stock while in possession and control of this material adverse non-public information was a breach of their fiduciary duties of loyalty and good faith.

54.     Since the use of the Company's proprietary information for their own gain constitutes a breach of the Insider Selling Defendants' fiduciary duties, the Company is entitled to the imposition of a constructive trust on any profits the Insider Selling Defendants obtained thereby.

25

## SECOND CAUSE OF ACTION
### Against All Defendants for Breach of Fiduciary Duty

55.   Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

56.   The Individual Defendants owed and owe Wave Systems fiduciary obligations. By reason of their fiduciary relationships, the Officer Defendants and Director Defendants owed and owe Wave Systems the highest obligation of good faith, fair dealing, loyalty and due care.

57.   The Individual Defendants, and each of them, violated and breached their fiduciary duties of care, loyalty, reasonable inquiry, oversight, good faith and supervision.

58.   Each of the Individual Defendants had actual or constructive knowledge that they had caused the Company to improperly misrepresent the financial results of the Company and failed to correct the Company's publicly reported financial results and guidance. These actions could not have been a good faith exercise of prudent business judgment to protect and promote the Company's corporate interests.

59.   As a direct and proximate result of the Individual Defendants' failure to perform their fiduciary obligations, Wave Systems has sustained significant damages. As a result of the misconduct alleged herein, the Individual Defendants are liable to the Company.

60.   Plaintiff on behalf of Wave Systems has no adequate remedy at law.

## THIRD CAUSE OF ACTION
### Against All Defendants for Abuse of Control

61.   Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

26

62. The Individual Defendants' misconduct alleged herein constituted an abuse of their ability to control and influence Wave Systems, for which they are legally responsible.

63. As a direct and proximate result of the Individual Defendants' abuse of control, Wave Systems has sustained significant damages.

64. As a result of the misconduct alleged herein, the Individual Defendants are liable to the Company.

65. Plaintiff on behalf of Wave Systems has no adequate remedy at law.

### FOURTH CAUSE OF ACTION
### Against All Defendants for Gross Mismanagement

66. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

67. By their actions alleged herein, the Individual Defendants, either directly or through aiding and abetting, abandoned and abdicated their responsibilities and fiduciary duties with regard to prudently managing the assets and business of Wave Systems in a manner consistent with the operations of a publicly held corporation.

68. As a direct and proximate result of the Individual Defendants' gross mismanagement and breaches of duty alleged herein, Wave Systems has sustained significant damages in excess of hundreds of millions of dollars.

69. As a result of the misconduct and breaches of duty alleged herein, the Individual Defendants are liable to the Company.

70. Plaintiff on behalf of Wave Systems has no adequate remedy at law.

27

## FIFTH CAUSE OF ACTION
### Against All Defendants for Waste of Corporate Assets

71. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

72. As a result of the improper accounting, and by failing to properly consider the interests of the Company and its public shareholders by failing to conduct proper supervision, defendants have caused Wave Systems to waste valuable corporate assets by paying incentive based bonuses to certain of its executive officers and incur potentially millions of dollars of legal liability and/or legal costs to defend defendants' unlawful actions.

73. As a result of the waste of corporate assets, the Individual Defendants are liable to the Company.

74. Plaintiff on behalf of Wave Systems has no adequate remedy at law.

## SIXTH CAUSE OF ACTION
### Against All Defendants for Unjust Enrichment

75. Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

76. By their wrongful acts and omissions, defendants were unjustly enriched at the expense of and to the detriment of Wave Systems.

77. Plaintiff, as a shareholder and representative of Wave Systems, seeks restitution from these defendants, and each of them, and seeks an order of this Court disgorging all profits, benefits and other compensation obtained by these defendants, and each of them, from their wrongful conduct and fiduciary breaches.

28

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff demands judgment as follows:

A.  Against all of the Individual Defendants and in favor of the Company for the amount of damages sustained by the Company as a result of the Individual Defendants' breaches of fiduciary duties, abuse of control, gross mismanagement, waste of corporate assets and unjust enrichment;

B.  Extraordinary equitable and/or injunctive relief as permitted by law, equity and state statutory provisions sued hereunder, including attaching, impounding, imposing a constructive trust on or otherwise restricting the proceeds of defendants' trading activities or their other assets so as to assure that plaintiff on behalf of Wave Systems has an effective remedy;

C.  Awarding to Wave Systems restitution from the defendants, and each of them, and ordering disgorgement of all profits, benefits and other compensation obtained by the defendants;

D.  Awarding to plaintiff the costs and disbursements of the action, including reasonable attorneys' fees, accountants' and experts' fees, costs, and expenses; and

E.  Granting such other and further relief as the Court deems just and proper.

29

## JURY DEMAND

THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

          THE PLAINTIFF
          CHARLENE HARVEY, Derivatively on behalf of
          WAVE SYSTEMS CORP.

By _____
Keith A. Minoff, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 551536

- and –

Nadeem Faruqi, Esq., of
Faruqi & Faruqi, LLP
320 East 39th Street
New York, NY 10016
Telephone: 212/983-9330
Facsimile: 212/983-9331

- and –

Alfred G. Yates, Jr., Esq., of
Law Offices of Alfred G. Yates, Jr.
519 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219
Telephone: 800/391-5164

## VERIFICATION

I, Charlene Harvey, have read the Verified Shareholder Derivative Complaint and know the contents thereof. Based upon my discussions with and reliance upon my counsel, the Complaint is true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20 day of February, 2004.

_____
CHARLENE HARVEY